**IMG-144**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4012
_____

YAN-YING LIU,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A074-955-503)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2011
Before:  FUENTES, VANASKIE AND ROTH, Circuit Judges

(Opinion filed:  July 28, 2011)
_____

OPINION
_____

PER CURIAM

Yan-Ying Liu petitions for review of an order of the Board of Immigration

Appeals ("BIA") denying her motion to reopen.  For the reasons that follow, we will

deny the petition.

I.

Liu, a native and citizen of China, arrived in the United States in April 1996. Upon her arrival, an Immigration and Naturalization Service officer determined that Liu appeared to be excludable because she did not possess or present the proper documentation for admission. See 8 U.S.C. § 1182(a)(7)(A)(i)(I). Liu conceded excludability, but requested asylum and withholding of deportation. Her application was based on claims of past persecution and fear of future persecution due to her being a devout Christian. In 1997, after a hearing at which Liu testified in support of her claims, the Immigration Judge ("IJ") made an adverse credibility finding, denied all forms of requested relief, and ordered Liu's removal to China. The BIA agreed with the IJ's decision and dismissed Liu's appeal in 1998.

Liu filed her first motion to reopen in 2002, arguing that because she gave birth to two children in New York, and because China has coercive family planning laws, she had a well-founded fear of future persecution. The BIA denied the motion to reopen, reasoning that Liu failed to show China's government would persecute her based on children born in the United States. In 2005, Liu filed her second motion to reopen, asserting that she had new evidence of the severity of the family planning practices in her community of Lianjiang County, Fujian Province. The BIA denied the motion, and Liu filed a petition for review. The Court granted the Government's motion to remand to the BIA to further explain the basis for its decision. In 2007, the BIA entered another decision and again denied the motion to reopen as untimely and numerically barred under

2

8 C.F.R. § 1003.2(c)(2).

In December 2009, Liu filed her third motion to reopen. Liu asserted that she had recently conceived her third child, and that she would be punished as a result if returned to China. She also argued that authorities in China have intensified their persecution of Christians who attend "house churches" (i.e., underground churches not approved by the Chinese government). In September 2010, the BIA denied the motion to reopen as time-barred and number-barred under the regulations. The BIA concluded that with respect to China's population control policy, Liu had put forward evidence only of changed personal circumstances, not changed country conditions. Further, the BIA held that Liu's evidence did not establish a material change concerning the treatment of Christians in China. This petition for review followed.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a) to review the BIA's denial of Liu's motion to reopen, and we apply the abuse of discretion standard to our review. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Thus, to succeed on her petition for review, Liu must show that the BIA's decision was arbitrary, irrational, or contrary to law. See id. (quotation marks and citation omitted).

An alien generally may file only one motion to reopen and must file it with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). The time and number requirements are waived for motions to reopen that rely on evidence of "changed circumstances arising in the country

3

of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing[.]" 8 C.F.R. § 1003.2(c)(3)(ii). Liu argues that she meets this exception as to the time and number restrictions.

Liu first asserts that the BIA improperly denied her motion to reopen based on a change in China's treatment of Christians since her Immigration Court hearing in 1997. In support of her argument she submitted her own affidavit, letters from a pastor in China, a letter from her mother, a letter from the Church of Grace to Fujianese, photographs of Liu with fellow church members, and Internet articles that describe the mistreatment of Christian religious figures in China.[1] Liu contends that the Chinese government targeted house churches for abuse when she still lived in China, but that in the late 1990s through around 2008, the targeting of house churches dropped off considerably. Then, according to Liu, the Chinese government increased its suppression of house church members in 2008 in preparation for the Beijing Olympic Games, and that the suppression continues to this day. Liu appears to be arguing that this second wave of religious suppression is more severe than what she experienced before she left China.

The BIA did not err in finding that, based on the materials Liu submitted with her motion to reopen, she did not establish a material change in China's targeting of Christians. The letter from Liu's mother referenced a raid of Liu's grandparents' church

_____

[1] To the extent that Liu relies on the United States Commission on International Freedom 2009 Annual Report, we cannot now consider this evidence because it was not presented before the BIA and is not part of the administrative record. See Berishaj v. Ashcroft, 378 F.3d 314, 328 (3d Cir. 2004) ("It is a salutary principle of administrative

4

in 1994 in which the church's pastor, his wife, and several others were arrested. As a result of the raid, Liu and her mother were taken to a village committee for investigation where they were allegedly beaten and cursed. Following that incident, Liu was eventually expelled from school due to her religious activity. At her 1997 Immigration Court hearing, Liu also testified that she was confronted by Chinese officials at a religious gathering to memorialize the death of her sister. After the incident, officials allegedly returned to her parents' house looking for Liu due to her religious activities.

Although Liu presents evidence that the Chinese government increased its targeting of Christians leading up to, during, and following the 2008 Beijing Olympic Games, that evidence does not show that the religious suppression was more severe than what Liu and her family experienced leading up to Liu's departure from China. Accordingly, the BIA did not abuse its discretion by concluding that Liu failed to show a material change in circumstances since her 1997 Immigration Court hearing.

Liu next argues that the BIA improperly denied her motion to reopen based on a change in the enforcement of China's family planning policy. The BIA concluded that Liu did not put forward evidence of changed country conditions, and that her argument was based solely on a change in personal circumstances—i.e., the birth of two children and her current pregnancy. The BIA further held that a change in personal circumstances alone is not a sufficient basis for a motion to reopen, and therefore denied the motion on that ground. See Liu v. Att'y Gen. of the U.S., 555 F.3d 145, 150-51 (3d Cir. 2009).

law review that the reviewing court act upon a closed record.").

The BIA did not abuse its discretion by interpreting Liu's motion to reopen based on family planning policy as only asserting a change in personal circumstances. To support her motion, Liu included evidence of her two children and her pregnancy, her own affidavit, a letter from her father, a certificate from the Village Committee of Lianjiang County, and a certificate from the Birth Control Office of Lianjiang County. Although this evidence helps establish that Liu may face abortion and sterilization if returned to China, it does not indicate that there has been a change in China's family planning policy.[2] As a result, Liu's evidence showed only a change in personal circumstances, and the BIA did not err in so concluding.[3]

Liu also argues that even in the absence of changed country conditions, the BIA still should have granted her motion to reopen on the sole basis of changed personal circumstances. Liu's argument, however, is foreclosed by this Court's precedent. An alien who has been ordered removed may not file an untimely or successive asylum application based on changed personal conditions, unless she can also show changed country conditions in her motion to reopen. See Liu, 555 F.3d at 150-51; see also Wang v. BIA, 437 F.3d 270, 274 (2d Cir. 2006).

---

[2] In fact, Liu's evidence illustrates that China enforced a similar family planning policy before Liu left the country. When Liu still lived in China, birth control officials forced her sister, Yan Fang, to undergo a forced abortion for violating the family planning policy. Liu's sister died from complications arising from the abortion.

[3] To the extent that Liu relies on various State Department Country Reports on Human Rights Practices in China to argue changed country conditions, we cannot now consider this evidence because it was not presented before the BIA and is not part of the administrative record. See Berishaj v. Ashcroft, 378 F.3d 314, 328 (3d Cir. 2004).

To the extent that Liu argues that her due process rights were violated because the BIA's analysis of the evidence was insufficient, the argument lacks merit. An alien's petition for review may be granted if the BIA "fail[s] to discuss most of the evidentiary record." Zheng v. Att'y Gen. of the U.S., 549 F.3d 260, 269 (3d Cir. 2008). In Liu's case, however, the BIA sufficiently considered the relevant documents and evidence of record.

Based on the above, the BIA did not abuse its discretion by denying Liu's motion to reopen as untimely and number-barred. Accordingly, we will deny Liu's petition for review.